**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000345
20-MAY-2026
07:51 AM
Dkt. 60 SO**

NO. CAAP-25-0000345

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MANUEL F. MESTANZA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTC-24-012711)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Gluck, JJ.)

Defendant-Appellant Manuel F. Mestanza (**Mestanza**) appeals from the April 9, 2025, Amended Notice of Entry of Judgment entered by the District Court of the First District (**District Court**).[1] Mestanza was convicted for leaving the scene of a collision without exchanging necessary personal information, as required by Hawai'i Revised Statutes (**HRS**) § 291C-13 (Supp. 2024). On appeal, Mestanza contends that the District Court erred by (1) applying an incorrect "negligent state of mind" and (2) adjudging him guilty despite insufficient evidence that he intentionally, knowingly, or recklessly left the scene of a collision. Upon careful review of the record and

---

[1] The Honorable Kristine Y. Yoo presided.

the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we agree and reverse the Judgment of the District Court.

Relevant to this appeal, the trial record reflects that the focus of the parties' dispute was Mestanza's knowledge or awareness that a collision had occurred. During the bench trial, complaining witness Ashley Moreno (**Moreno**) testified that Mestanza hit her car when merging into her lane. She testified that at the next light, which was red, she got out of her car and approached Mestanza's car. She did this "[b]ecause they hit me, and I wanted to talk to them." She testified as follows:

> Q. Can you describe the interaction you had with the defendant?
>
> A. He asked if I knew how to drive and said that he had a baby in the car. And I said that I also had my baby in the car and that I had the right-of-way.
>
> Q. As far as the information provided, were you -- were you granted information for the accident -- for exchange of information for the accident?
>
> A. I could have, yes.
>
> Q. When you -- so what happened after this conversation occurs? Does the defendant do anything else?
>
> A. He rolled up his window and drove away when the light turned green.

Moreno further testified that she did not tell Mestanza why she came out of her car to talk to him:

> Q. All right. Now when you exited the vehicle and approached the Dodge Challenger and saw the driver.
>
> A. Yes.
>
> Q. Can you kind of briefly describe to me what the interaction was.
>
> A. He rolled down his window. Asked if I knew how to drive. Said he had a baby in the car. And I was like, well, I also have a baby in the car. And I had the right-of-way.

> Q.    Did you ever inform him, like, what the reason you were coming out of the car for was?
>
> A.    No.

Mestanza testified that he was not aware of any collision.

The District Court found as follows:

> [C]onsidering the evidence that has been presented today in court, based on the credible evidence presented, the Court is going to make a finding that the State has proven their case beyond a reasonable doubt.
>
> Court will note that [Moreno], who this Court finds credible, had indicated that the defendant's vehicle hit her front bumper such that at the stoplight she got out of the car to approach the defendant's vehicle.  And she had explained how that collision had occurred because the defendant had merged into her lane from the right while [Moreno] was in the middle lane.  So some of that testimony is corroborated by the defendant.
>
> . . . [T]he Court will acknowledge that [Moreno] stated that she had not told the defendant that there was an accident.
>
> But based on -- based on the fact that she felt the front bumper being hit and that's why she stopped and she got out of the car, the Court is going to make a reasonable inference that <u>the defendant should have known that there was a collision</u> that required him to pull over and give the appropriate information as noted in 291C-13.
>
> The Court is going to make a finding that the Court finds [Moreno] credible and the police officer credible and even that -- even that exchange about, learn how to drive, to the Court indicates that something had happened.  So given the credibility of [Moreno] and the reasonable inferences, the Court is making, based on the totality of circumstances as well as the testimony of the witness, the Court is going to find the defendant guilty.

(Emphasis added.)

Hawaiʻi Revised Statutes § 291C-13 requires drivers who are involved in "a collision resulting only in damage to a vehicle . . . that is driven or attended by any person," to stop their vehicle and exchange information before leaving the scene. The statute is silent as to a defendant's required state of mind, so to violate the statute, a person must "act[] intentionally, knowingly, or recklessly."  HRS § 702-204 (2014);

see HRS § 291C-13. Factfinders can use "'proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct'" to infer the defendant's state of mind. State v. Gomes, 117 Hawaiʻi 218, 227, 177 P.3d 928, 937 (2008) (quoting State v. Bui, 104 Hawaiʻi 462, 467, 92 P.3d 471, 476 (2004)).

To prove that Mestanza intentionally, knowingly, or recklessly left the scene of a collision, the State had to prove that Mestanza knew there had been a collision; "should have known" is insufficient because acting "negligently" is not an element of the offense. HRS § 702-204. At trial, the prosecution did not introduce any evidence to prove Mestanza knew that a collision had occurred: Moreno did not testify about what she heard or felt (and, by inference, what Mestanza would have heard or felt).[2] Moreno testified that there were scratches (but not a dent) on her car, and a photograph was introduced into evidence, but Moreno was not asked whether any mark(s) shown in the photograph were there before the alleged collision and the record does not contain any other evidence to that effect.[3] Moreno testified that Mestanza hit her car – but she admitted not telling Mestanza a collision had occurred. In other words, even if the District Court had, in fact, used the correct state of mind requirement (that is, even if the District Court had simply misspoken when stating "should have known"),

---

[2] The District Court referred to "the fact that [Moreno] felt the front bumper being hit," but there is no evidence in the record to this effect. It is possible that such evidence was introduced in one of the sections of the transcript marked "inaudible," but there is no evidence in the record before us.

[3] Once again, there is a section of the transcript marked "inaudible" where this discussion might have occurred (see CAAP-25-0000345 docket 36 (Transcript of Proceedings 4/9/25) at 21:20-25). As the record stands, however, there is no evidence that a collision with Mestanza caused any damage to Moreno's car.

there is insufficient evidence to support a conviction under HRS § 291C-13.

We are mindful that, in reviewing the sufficiency of evidence used to support a conviction:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Jing Hua Xiao, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010) (citation modified). Nevertheless, in this case, the prosecution did not adduce any evidence – let alone substantial evidence – that Mestanza intentionally, knowingly, or recklessly left the scene of a collision.

For the foregoing reasons, we reverse the April 9, 2025 Amended Notice of Entry of Judgment of the District Court.

DATED: Honolulu, Hawaiʻi, May 20, 2026.

On the briefs:                          /s/ Karen T. Nakasone
                                        Chief Judge
Seth Patek,
Deputy Public Defender,                 /s/ Keith K. Hiraoka
for Defendant-Appellant.                Associate Judge

Loren J. Thomas,                        /s/ Daniel M. Gluck
Deputy Prosecuting Attorney,            Associate Judge
City and County of Honolulu,
for Plaintiff-Appellee.